IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER STOVALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLARK ALLUMS, in his individual )<br>capacity and his official capacity as )<br>a Dothan Police Officer; and THE )<br>CITY OF DOTHAN, ALABAMA, )<br>a municipality, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 2:04CV659-F<br>[WO] |

**ORDER ON MOTION**

This case is pending on the plaintiff's Second Motion To Compel, filed on 24 June 2005 (Doc. # 62-2). The defendant, the City of Dothan ["the City"], filed its response to the second motion on 24 June 2005 (Doc. # 62-3). For the reasons below, the court has concluded that the motion should be GRANTED in part and DENIED in part.

**I.   PROCEDURAL HISTORY**

Previously, the plaintiff, Christopher Stovall ["Stovall"], filed a Motion to Compel on 29 April 2005 (Doc. # 22). The defendant responded , which the court denied on 23 May 2005 because the parties had failed to confer in person to resolve the discovery dispute (Doc. # 43). After the parties subsequently conferred unsuccessfully, the court conferred with counsel and agreed to examine the defendant's documentary response *in camera* to determine

its discoverability.[1]

Stovall then filed a Motion For Reconsideration of the order denying the motion (Doc. # 54) and a motion for a hearing on the issues of production of the information and documents and the request for sanctions (Doc. # 55). Over the defendant's objections (see Doc. # 59), the court entered an order on 27 June 2005, setting a hearing on 1 July 2005 (Doc. # 63). Counsel for all three parties appeared at the hearing.

## II.  DISCUSSION

### A.  *The Discovery Requests*

Stovall has asked the City to produce the following documents:

> 1,  "[C]omplete files of any and all internal affairs and/or other investigative reports relating to complaints made against City of Dothan police officers within the past eight (8) years."
>
> 2,  ""[A]ny and all disciplinary write-ups and/or reprimands issued as a result of the investigations described by and/or responsive to request for production number 1, immediately above."

It is undisputed that Stovall seeks records for defendant Allums and for all other Dothan police officers employed within the past eight years.

---

[1] The defendant submitted the documents to the Clerk of the court on 7 June 2005.

B.  *The Parties' Contentions*

Stovall contends that he needs the documents to meet his burden of demonstrating a policy or pattern of conduct within the Dothan Police Department in order to assign liability to the City. The City contends, on the other hand, that the only documents that are relevant - and therefore relevant -   are complaints made against police officers in the context of accusations of false arrest or disorderly conduct.

C.  *Relevance and Discoverability*

The Rules of Civil Procedure pertaining to discovery should be given a broad, liberal construction to provide the parties with the fullest possible knowledge of the facts and to clarify and narrow the issues.   *Hickman v. Taylor*, 1947, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451, 460; *Schlagenhauf v. Holder*, 1964, 379 U.S. 104, 114-115, 85 S.Ct. 234, 240, 13 L. Ed.2d 152, 161-162.

Moreover, Rule 26 provides that the proper scope of discovery is not limited to information admissible at trial, but can also include information "reasonably calculated to lead to the discovery of admissible evidence." *Fed.R.Civ.P.* 26(b)(1); *See Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

Although courts encourage parties to management discovery among themselves and, particularly, to resolve their own discovery disputes,[2] federal courts, however, are vested

---

[2] By and large, the Federal Rules of Civil Procedure are designed to minimize the need for judicial intervention into discovery matters. They do not eliminate the need,

3

with broad discretion to exercise over discovery.

> Federal Rule of Civil Procedure 26 authorizes a court to limit discovery where such discovery is cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain that information, and the discovery is "unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." That rule further provides that the court may act either on its own initiative or after a party has made a motion for a protective order.

***Panola Land Buyers Asso. v. Shuman, supra.***

The critical issue to be determined here is whether the documents that Stovall requests are relevant to the claims and defenses in this case, that is, whether the information likely to be gleaned from the documents is persuasive or probative with respect to any fact alleged.

> The federal discovery rules manifest a public policy in favor of disclosure of relevant materials. Relevancy is "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'

***Rowlin v. Alabama Dept. of Public Safety,*** 200 F.R.D. 459, 461 (M.D. Ala. 2001) (quoting from ***Coker v. Duke & Co.,*** 177 F.R.D. 682, 685 (M.D. Ala. 1998; and citing ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)).

The plaintiff asserts causes of action in false arrest, malicious prosecution, and negligent, wanton and/or willful hiring, training and supervision. He alleges that he was

---

however. ***See ACF Indus. v. E.E.O.C.***, 439 U.S. 1081, 1087, 99 S.Ct. 865, 869, 59 L.Ed.2d 52 (1979).

falsely arrested and maliciously prosecuted because the City failed to ensure, through its training and supervision policies and procedures, that Allums and other police officers refrained from violating "[his] constitutional rights, or the constitutional rights of any other citizens" (See the Amended Complaint, Doc. #9 ).

Rule 26(b) provides that "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Ultimate admissibility is simply not the test for relevancy of material to be discovered. *Freeman v. Seligson*, 1968, 32 U.S.App. D.C. 56, 405 F.2d 1326, 1335.[3]

Moreover,

> [a] party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome or overly broad. Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.

*Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995). If no such showing is made, it

---

[3]*Rule 26 (b) (1)* provides, that, unless otherwise limited by order of the court,

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge or any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

must be apparent to the court that the movant has requested information or materials that extend beyond the scope of discovery in the particular case.

The court has considered the requests and the objections, and the court has reviewed the documents provided *in camera*. The court has also fully considered the claims and defenses asserted in this case as well as each party's burden of proof and burden of production. As a result of the court's review, it is apparent that investigative files of citizen complaints against Allums are relevant and should be produced, regardless of the context or the existence of or nature of criminal charges against the complainant(s).

To achieve the court's objectives, the court has entered a companion protective order to assure the non-disclosure of documents that the court has determined to be irrelevant, including complaints against officers by spouses and other family members, as well as complaints regarding alleged violations of internal rules such as dress; attendance; punctuality; and the use and care of supplies, equipment, and vehicles.

The court's determination of the relevance of the documents identified below is based not only on the substance of the complaints, but on the manner in which the complaints are investigated and resolved.

### III.  CONCLUSION

Accordingly, it is

ORDERED that the plaintiff's Second Motion To Compel is GRANTED in part and DENIED in part. On or before 13 July 2005, the City shall produce for inspection and

copying to counsel for the plaintiff the complete files of all internal affairs and/or other investigative reports relating to citizen complaints made against Dothan police officers within the past eight years. It is further ORDERED as follows:

1. The documents or reports should be in essentially the same form as they were submitted to the court for in camera inspection.

2. The complaints shall be limited to those filed or asserted by citizens or persons in the public (not limited to Dothan or Alabama residents) against police officers for any acts of misconduct whatsoever.

3. No limitation is imposed based upon the existence of an arrest or charge, or the nature of the criminal charge, or the means by which a complaint was resolved.

4. Plaintiff's counsel shall examine the documents at the Dothan Police Department or at the offices of defendant's counsel and shall request the photocopying of only the documents that he determines to be relevant to this case.

5. On or before 15 July 2005, counsel for the defendant shall file a Notice of Compliance with this order with the Clerk of the court.

DONE this 5th day of July, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE