IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STOVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.  1:04-cv-659-F |
| | ) | (WO) |
| CLARK ALLUMS, both in his individual | ) | |
| capacity and his official capacity as a | ) | |
| Dothan Police Officer; and | ) | |
| THE CITY OF DOTHAN, ALABAMA, | ) | |
| a municipality, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PRE-TRIAL HEARING**

A pretrial hearing was held in this case on August 9, 2005, wherein the following proceedings were held and actions taken:

1.  PARTIES AND TRIAL COUNSEL:

   A.   M. Adam Jones, Esq., S. Mark Andrews, Esq. and Dan Talmadge of Morris, Cary, Andrews, Talamadge & Jones, *L.L.C.,* 3334 Ross Clark Circle, Dothan, Alabama 36303.

   ***Attorney for Plaintiff Christopher Stovall.***

   B.   F. Lenton White, Esq. and D. Kevan Kelly, Esq., of Dothan City Attorney's Office, 126 N. St. Andrews Street, Room 313, Dothan, Alabama 36303.

   ***Attorneys for City of Dothan.***

   C.   Alan C. Livingston, Esq. and William W. Nichols, Esq., of Lee & McInish, P.C.*,* Post Office Box 1665, Dothan, Alabama 36302

*Attorneys for Officer Clark Allums.*

COUNSEL APPEARING AT PRETRIAL HEARING:  Same as trial counsel.

2.   JURISDICTION AND VENUE

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1334(3) and 1367(a), and since the actions giving rise to Plaintiff's Complaint occurred in Dothan, Houston County, Alabama, venue is proper in the Southern Division of the Middle District.

3.   PLEADINGS:  The following pleadings and amendments were allowed:

The Plaintiff has filed an Amended Complaint, and the Defendants, Clark Allums and the City of Dothan, have filed Answers thereto.

4.   CONTENTIONS OF THE PARTIES:

   A.   PLAINTIFF.

The Plaintiff, Christopher Stovall, contends that on December 30, 2005, he and his seven-year-old son, Keeyon were standing in line in the second floor lobby of the Dothan Civic Center waiting to purchase tickets to a basketball tournament being held there that night.  Working security that night was off-duty Dothan Police Officer Clark Allums.  Another person in line, Ray Dyck, politely asked Allums to stop other people from breaking in line, and Allums responded back to Dyck in an extremely rude manner.

Stovall then turned and told Dyck not to say anything else to Allums, although Allums "didn't have to be so ugly about it."

Allums, standing approximately ten to fifteen feet away, overheard Stovall's remark to Dyck. Allums rushed over to Stovall in a threatening manner, got "nose to nose" with him, grabbed his arm, and yelled at him, saying, "You want to be smart?" Stovall calmly asked Allums to step back and give him (Stovall) some personal space, to which Allums replied "You don't get no personal space." Allums then told Stovall to leave the line and go downstairs with him, and Stovall responded by asking what he had done to be ordered out of line. Allums then called for backup and, immediately upon the arrival of the additional officers, Stovall took his son's hand and walked with the officers down the stairs and out of the building.

Outside, Allums told Stovall, "I was going to let you go back in, but you were trying to embarrass me and make me look bad in front of all those folks." Allums then told Stovall that he and his son had to leave the premises. Stovall politely asked Allums what he had done wrong to warrant his ejection, but Allums merely told him to be quiet and leave. In a puzzled, bewildered manner, Stovall asked again, "Sir, what did I do?" Allums then placed Stovall under arrest for disorderly conduct.

Stovall works as a security officer at Farley Nuclear Plant. Because of his arrest, he was placed on administrative leave and made to undergo a fitness for duty evaluation with a psychologist. Six months later, after the City was granted two separate continuances, Stovall stood trial on the disorderly conduct charge and was acquitted.

Stovall contends that his arrest and prosecution were the result of a custom or policy with the City of Dothan Police Department. Specifically, the City has routinely failed to correct the constitutionally offensive actions of its police officers, amounting to a tacit authorization of, if not deliberate indifference to, police misconduct. Cannon v. Taylor, 782 F.2d 947, 951 (11th Cir.1986) (*citing* Turpin v. Mailet, 619 F.2d 196 (2d Cir.1980), *cert. denied*, 449 U.S. 1016, 101 S. Ct. 577, 66 L. Ed. 2d 475 (1980)). The City utterly failed to properly investigate Stovall's subsequent complaint to Internal Affairs, just as many other complaints are ignored or swept under the proverbial rug. Despite numerous prior incidents, investigations, and civil rights lawsuits, the City has steadfastly refused to implement appropriate reporting policies, the lack of which this Court has already held to be "the type of 'glaring omission' from which constitutional violations are a predictable consequence." Sumlar v. City of Dothan, No. 00-D-717-S (M.D. Ala.) Indeed, within the Dothan Police Department such aggressive, constitutionally offensive police misconduct is celebrated and rewarded with honors.

Stovall brings the present suit against both Clark Allums and the City of Dothan for violation of his First and Fourth Amendment rights, as well as for False Imprisonment. He also brings suit against Allums for Malicious Prosecution and against the City of Dothan for Negligent, Wanton and/or Willful Hiring, Training and/or Supervision.

    B.    **DEFENDANT CITY OF DOTHAN**.

Defendant City of Dothan contends that on December 30, 2003 the Plaintiff was

at the Dothan Civic Center and engaged in conduct that constituted disorderly conduct, and Officer Allums arrested the Plaintiff for disorderly conduct based on probable cause. The Plaintiff cannot recover on his civil rights complaint under the First and Fourth Amendments because his rights were not violated. Moreover, the City of Dothan contends that an arrest based on probable cause is an absolute bar to § 1983 action. Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990). The City of Dothan contends it does not have a policy or custom that violates a citizen's constitutional rights and the Plaintiff cannot establish that his alleged injuries were the result of an official policy or custom of the Defendant City of Dothan as is required under City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103, L.Ed.2d 412 (1989).

The City of Dothan contends that Officer Allums had probable cause to arrest the Plaintiff and therefore the City cannot be liable on a state law claim of false imprisonment. The City cannot be held liable for the state law claim malicious prosecution and the Plaintiff conceded this in his response to summary judgment. The City contends that they were not negligent in training, supervising or hiring Officer Allums. The City further contends that Officer Allums was properly trained having been certified by the Alabama Peace Officers Standards and Training Commission along with exceeding all the required supplemental training pursuant to Ala. Code § 36-21-51 (1975). The City contends that Officer Allums was properly supervised and properly screened before he was employed. Finally, the City contends that it is entitled to discretionary function immunity under Ala. Code § 6-5-338 for the Plaintiff's state law

claims.

Furthermore, the Plaintiff suffered little or no damage as a result of his arrest. He was in jail thirty minutes and returned to the Civic Center to watch the basketball tournament after his release. The Plaintiff did not lose any wages as a result of this incident. In fact, the Plaintiff earned more money after the arrest than he did before.

    **C.**    **DEFENDANT CLARK ALLUMS**.

Defendant Clark Allums contends that on December 30, 2003 the Plaintiff engaged in disorderly conduct at the Dothan Civic Center and that he had probable cause to arrest the Plaintiff for that crime. Moreover, the arrest of the Plaintiff was prompted by his conduct and the manner of his disorderly speech only and had nothing whatever to do with the content of that speech. Thus, Officer Allums did not violate Plaintiff's First or Fourth Amendment rights.

Defendant Clark Allums further contends that even if he was somehow mistaken about the existence of probable cause, he is nonetheless entitled to qualified immunity because he had at least arguable probable cause to make the arrest.

Because Clark Allums had probable cause to arrest the Plaintiff for disorderly conduct, he could not have been guilty of Plaintiff's state law claims of false arrest or malicious prosecution. Moreover, Defendant Allums is entitled to discretionary function immunity under *Ala. Code* § 6-5-338 from the Plaintiff's state law claims.

Finally, even if the Court were to find that Officer Allums arrested Plaintiff without arguable probable cause, Plaintiff suffered little or no damage as a result. He

was released from jail after 30 minutes and immediately returned to the Civic Center with his son to watch the basketball game. Although Plaintiff contends that his employer forced him to undergo anger management and that he suffered lost wages as a result of the arrest, Plaintiff actually underwent anger management long before the arrest at issue for an unrelated incident at work and he never lost any wages. In fact, Plaintiff earned more money after the arrest than he did before.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>

    a.    The Plaintiff and his son were present at the Dothan Civic Center on December 30, 2003 waiting to purchase tickets for a basketball game.

    b.    Plaintiff was arrested for the crime of disorderly conduct on December 30, 2003.

    c.    Dothan Municipal Judge Rose Evan Gordon subsequently acquitted the Plaintiff after a bench trial.

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last three (3) days, are set for September 12, 2005 at 10:00 a.m. at the federal courthouse in Dothan, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4) All deadlines not otherwise effected by this order, including deadlines for the filing of motions in limine, proposed jury instructions and requested voir dire, will remain as set forth in the Uniform Scheduling Order (Doc. # 21) entered by the court on October 26, 2004;

(5) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this 10th day of August, 2005.

                                                    /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE