IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STOVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:04-cv-659-F |
| | ) | (WO) |
| CLARK ALLUMS, both in his individual | ) | |
| capacity and his official capacity | ) | |
| as a Dothan Police Officer, *et al.,* | ) | |
| | ) | |
| Defendants | ) | |

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Strike Affidavits filed by the plaintiff Christopher Stovall (hereinafter "Plaintiff") on May 16, 2005. (Doc. # 36.) By his motion, Plaintiff seeks to strike the affidavits of Chester Sowell, Mamie Grubbs, John Brackin and Municipal Judge Rose Gordon which were submitted by Defendant City of Dothan in support of its motion for summary judgment.[1] Defendants Clark Allums and City of Dothan filed responses in opposition to the motion (Docs. # 45 & 48), and Plaintiff has filed a reply thereto (Doc. # 70).

For the reasons set forth below, the court finds that the Motion to Strike Affidavits is due to be DENIED.

---

[1] There are presently two motions for summary judgment pending before the Court: (1) the motion for summary judgment filed by Defendant City of Dothan, and (2) the motion for summary judgment filed by Defendant Clark Allums.

## DISCUSSION

A.  **Withdrawn Portions of Motion to Strike**

In the motion to strike, Plaintiff argues that the affidavits of Chester Sowell, Mamie Grubbs and John Brackin should be stricken because those individuals were not disclosed to him as persons who may possess discoverable knowledge or information. (Doc. # 36.) However, in his reply to the responses filed by Defendants in opposition to the Motion to Strike, Plaintiff states that he "withdraws" the motion to strike as it pertains to Chester Sowell, Mamie Grubbs and John Brackin. (Doc. # 70, ¶¶ 1 & 2.)[2] Accordingly, as Plaintiff has withdrawn the motion to strike as it pertains to Chester Sowell, Mamie Grubbs and John Brackin, the Court finds that those portions of the motion are due to be denied as moot.

B.  **Remaining Portion of Motion to Strike**

In the motion to strike Plaintiff also argues that the affidavit of Municipal Judge Rose

---

[2] Specifically, in the reply Plaintiff states, in relevant part:

1. [He] has had the opportunity to depose Mayor Chester Sowell and Corporal John Brackin and, accordingly, [he] withdraws his Motion to strike as it pertains to those persons.
2. Although Mamie Grubbs was not properly disclosed by the City [of Dothan], her testimony bears little, if any relevance to the matters at issue in the Defendants' respective motions for summary judgment. Accordingly, Plaintiff withdraws his Motion to Strike as to Ms. [G]rubbs' affidavit.

(Doc. # 70, ¶¶ 1 & 2.)

Gordon[3] (hereinafter "Judge Gordon") should be stricken. Plaintiff contends that portions of Judge Gordon's affidavit– namely, paragraphs six, seven and eight– do not state facts, but rather describe her personal opinions. Plaintiff further contends that Judge Gordon's personal opinions are inadmissible in evidence unless she is deemed to be an expert.[4] Finally, Plaintiff argues that Judge Gordon's affidavit is comprised almost entirely of hearsay.

Given that the affidavit Plaintiff challenges is submitted in support of a motion for summary judgment, it must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment, such as the affidavit at issue here,

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall affirmatively show that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e) (emphasis added). The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper. *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d

---

[3] According to the motion, Judge Gordon is the judge that tried and acquitted Plaintiff on a disorderly conduct charge. (Doc. # 36, ¶ 3.)

[4] It is undisputed that the City of Dothan is not offering Judge Gordon as an expert witness.

1210, 1217 (11th Cir. 2000). Affidavits which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike. *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998). However, if an affidavit contains some improper material, the court need not strike the entire affidavit, rather it may strike *or disregard* the improper portions and consider the remainder of the affidavit. *Id.* at p. 1334 n.2.

The Court has reviewed the paragraphs of Judge Gordon's affidavit which Plaintiff argues are improper. The Court finds that this affidavit clearly contains both proper and improper statements. For example, the affidavit contains information clearly based on Judge Gordon's personal knowledge, which is proper, but the affidavit also is replete with improper statements based on inadmissible hearsay or personal opinion. The Court finds that it is capable of sifting evidence and determining what is and what is not appropriate testimony based on personal knowledge, as required by the summary judgment standard, without extensive resort to striking individual lines or paragraphs of affidavits. With that being said, the Court will disregard any statements in Judge Gordon's affidavit which fail to comport with the requirements of Federal Rule of Civil Procedure 56(e).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Affidavits (Doc. # 36) is due to be DENIED as follows:

1. The motion is DENIED as MOOT to the extent it pertains to the affidavits of

        Chester Sowell, Mamie Grubbs and John Brackin.

2.       The motion is DENIED to the extent it pertains to the affidavit of Municipal Judge Rose Gordon. In weighing the merits of the motions for summary judgment, the Court will disregard any portion of said affidavit it deems to fail to clearly be in compliance with the requirements of Federal Rule of Civil Procedure 56(e).

DONE this 16th day of August, 2005.

                                                    /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE